# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### January 11, 2005 Session

## STATE OF TENNESSEE v. JEROME DANCE

### Direct Appeal from the Circuit Court for Gibson County
### Nos. 16296, 16297     Clayburn Peeples, Judge

---

### No. W2004-00576-CCA-R3-CD  - Filed February 25, 2005

---

The defendant challenges the imposition of consecutive sentences, based on the Supreme Court's recent holding in Blakely v. Washington. Our courts have previously held that neither Apprendi nor Blakely affect the trial court's ability to impose consecutive sentences. Furthermore, upon reviewing the record, we conclude that the trial court properly imposed consecutive sentences based on the defendant's extensive record, consisting of twenty prior convictions. Therefore, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Clifford K. McGown, Jr., Waverly, Tennessee (on appeal), and Tom W. Crider, District Public Defender (at trial and on appeal), for the appellant, Jerome Dance.

Paul G. Summers, Attorney General and Reporter; Mark A. Fulks, Assistant Attorney General; Garry G. Brown, District Attorney General; and Jerald Campbell, Larry Hardister, and Elaine Todd, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

This appeal represents a consolidation of two cases: in Case #16296, the defendant, Jerome Dance, was indicted on one count of sale of cocaine over .5 grams (a Class B felony); in Case #16297, the indictment charged one count of sale of cocaine over .5 grams (a Class B felony) and one count of sale of cocaine (a Class C felony). Following a jury trial, the defendant was found guilty on all three charges. He was sentenced as a Range III offender, receiving twenty-five years on each of the Class B felonies, and ten years on the Class C felony. The two twenty-five-year sentences were ordered concurrent with one another, and the ten year sentence was ordered to run

consecutively, for an effective sentence of thirty-five years. On appeal, the defendant's sole contention is that the trial court erred in issuing consecutive sentences in light of the Supreme Court's recent holding in <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004). Upon review, we affirm the sentence imposed by the trial court.

<u>Analysis</u>

Both the Tennessee Supreme Court and this Court have addressed the applicability of <u>Blakely</u> and <u>Apprendi</u> to consecutive sentencing. In so doing, our courts have determined, in keeping with other jurisdictions, that the holdings of these cases do not affect the trial court's ability to order consecutive sentencing. <u>See</u> <u>State v. Robinson</u>, 146 S.W.3d 469, 499 n. 14 (Tenn. 2004) (citations omitted) (noting that "several courts" have rejected the contention that <u>Blakely</u> and <u>Apprendi</u> apply to the decision to impose consecutive sentencing); <u>State v. Lawrence Warren Pierce</u>, No. M2003-01924-CCA-R3-CD, 2004 Tenn. Crim. App. LEXIS 994 (Tenn. Crim. App., at Nashville, Nov. 9, 2004) (holding that neither <u>Blakely</u> nor <u>Apprendi</u> affect the trial court's order of consecutive sentencing). Therefore, we echo the holdings of previous cases and reject this contention.

We now turn to the propriety of the consecutive sentence issued in this case. A court may order sentences to run consecutively if it finds any one of the following criteria by a preponderance of the evidence:

    (1) [t]he defendant is a professional criminal who has knowingly devoted such defendant's life to criminal acts as a major source of livelihood;

    (2) [t]he defendant is an offender whose record of criminal activity is extensive;

    (3) [t]he defendant is a dangerous mentally abnormal person so declared by a competent psychiatrist who concludes as a result of an investigation prior to sentencing that the defendant's criminal conduct has been characterized by a pattern of repetitive or compulsive behavior with heedless indifference to consequences;

    (4) [t]he defendant is a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high;

    (5) [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims;

    (6) [t]he defendant is sentenced for an offense committed while on probation; or

    (7) [t]he defendant is sentenced for criminal contempt.

Tenn. Code Ann. § 40-35-115(b) (2004). In the present case, the trial court found the defendant's record to be extensive and noted that he was a "continuing and persistent danger to the citizens of Tennessee." Based upon these findings, the trial court ordered consecutive sentencing.

We agree that the defendant meets the criteria set out in Tennessee Code Annotated section-40-35-115(b)(2). The record reflects that the defendant had twenty prior convictions, including: drug sales (both marijuana and cocaine), home burglaries, theft, forgery, resisting arrest, disorderly conduct, and leaving the scene of an accident. Moreover, as noted by the trial court, the number of prior convictions was well in excess of that required to sentence him as a Range III offender. Therefore, we conclude that the trial court did not err in ordering consecutive sentences. The aggregate sentence was justly deserved in light of the defendant's criminal history, and the trial court's finding was well within its discretion.

Conclusion

Accordingly, we affirm the sentences imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE